# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER M. SANDERS,

            **Plaintiff,**

     **v.**                                        **Case No. 11-C-405**

ELIZABETH VARGAS,

            **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

The court granted the defendant's motion for summary judgment in this matter on April 17, 2012. (Docket No. 76.) Judgment was entered the same day. (Docket No. 77.) In accordance with Fed. R. App. P. 4(a)(1)(A), the plaintiff had 30 days from that date to file a notice of appeal if he wished to appeal this court's decision. The plaintiff failed to do so. It was not until June 8, 2012, 22 days after the May 17, 2012 deadline and 52 days after judgment was entered, that the plaintiff filed a notice of appeal. (Docket No. 78.) Accompanying this notice were a request to appeal in forma pauperis, (Docket No. 82), and a request to extend the deadline for filing a notice of appeal, (Docket No. 81). The defendant has responded to the plaintiff's motion, (Docket No. 85), and filed a motion to dismiss the plaintiff's appeal, (Docket No. 86).

Contrary to the defendant's assertions, the plaintiff's motion for an extension of time to file a notice of appeal does not depend upon the "unusual circumstances" doctrine. (See Docket No. 85.) Rather, because the plaintiff's motion for an extension of time to file a notice of appeal was filed within 30 days after the deadline had passed, it may be granted only if the plaintiff shows

excusable neglect or good cause for his failure to comply with the deadline set forth in Fed. R. App. P. 4(a). See Fed. R. App. P. 4(a)(5)(A).

> The good cause and excusable neglect standards have "different domains." Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4 advisory committee's note to the 2002 amendments.

The plaintiff alleges he failed to timely file a notice of appeal because he contacted this court's Clerk's office in April and was informed that he had 60 days in which appeal. (Docket No. 81 at 1.) On June 6, 2012 he contacted the Clerk's office in the Western District of Wisconsin (where he has also filed multiple lawsuits) and was informed that he had 30 days in which to appeal. (Docket No. 81 at 1.) He then allegedly contacted this court's Clerk's office again and the person he spoke to "looked up the 7th Circuit rules and said it was 60 days, and that I was not misinformed." (Docket No. 81 at 1.) The plaintiff's contention that it was the misstatement of Clerk's office personnel that led him to miss the deadline means that his motion may be granted only if the court concludes receiving such misinformation constitutes excusable neglect.

The concept of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). It exists only when "the actions leading to the default were not willful, careless, or negligent." Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir. 1994) (quoting C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1206 (7th Cir. 1984)). Relevant factors courts should consider include "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the

movant acted in good faith." Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Pioneer Inv. Servs, 507 U.S. at 392.

Even when a litigant is pro se, "a litigant's inability or refusal to read and comprehend the plain language of the Federal Rules is not a basis for relief . . . ." Buchanan v. Ill. Dep't of Human Servs., 15 Fed. Appx. 366, 369 (7th Cir. 2001) (unpublished) (citing Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996); McNeil v. United States, 508 U.S. 106, 113 (1993)); see also Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994) (internal citations omitted) ("Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). However, some courts have considered a plaintiff's pro se status as one of the many relevant factors in determining whether neglect was excusable. See Al-Amin v. Wondolowski, 2010 U.S. Dist. LEXIS 54879, *4 (N.D. Ill. June 2, 2010).

As a preliminary matter, certain aspects of Sanders' allegations regarding his conversations with personnel in the office of the Clerk of Court do not ring true. First, based upon the practices of the Clerk's office, it is uncharacteristic for any of the personnel to provide a pro se litigant or an attorney with a firm deadline for an appeal. The time in which a litigant has to appeal can vary depending upon a number of factors and thus, precisely to avoid circumstances like those the plaintiff alleges occurred here, Clerk's office personnel are instructed to simply refer a litigant to an applicable Federal Rule. But even if the person the plaintiff spoke to disregarded this general guidance and provided a specific deadline, it is unlikely that the plaintiff would be informed that the deadline was 60 days (i.e. the narrow exception to the rule) rather than the usually applicable 30 day

3

deadline. The allegation that Clerk's office personnel would disregard its general practices and provide this misinformation once is suspect; that it should happen twice is incredible.

Second, the claim that the person informed the plaintiff that he or she had checked the "7th Circuit rules" is suspicious. While the Court of Appeals for the Seventh Circuit has its own circuit rules, those rules do not address when an appeal must be filed. The deadline for filing a notice of appeal is governed by the Federal Rules of Appellate Procedure and thus Clerk's office personnel would be exceptionally unlikely to state that they researched such a question in the Seventh Circuit rules.

Third, a review of the cases the plaintiff has pending in the Western District of Wisconsin fails to indicate any reason why the plaintiff would have been likely to contact that district Clerk's office on June 6, 2012 to discuss the deadline for filing a notice of appeal as he alleges he did. (Docket No. 81.) For example, in the two actions that remain pending, judgment has not yet been entered. In one action, 11-cv-00206-slc, the last docket entry was from March of this year, and in the other pending case, 11-cv-00202-slc, the last action had been the court's resolution of certain pretrial motions on May 18, 2012. Without having final judgment entered, what reason would plaintiff have to contact the Clerk of Court to inquire as to how long he had to appeal. Thus, the court has strong doubts as to whether his conversations with Clerk's office personnel occurred as he alleges.

Even if the court was to accept the plaintiff's factual assertions, the court would nonetheless conclude that these circumstances do not amount to excusable neglect. "Reliance on erroneous information given by an employee in the clerk's office does not constitute excusable neglect." In re Delaughter, 295 B.R. 317, 321 (Bankr. N.D. Ind. 2003). This is particularly so when the information sought is readily ascertainable by the litigant. See Gabriel v. United States, 30 F.3d 75, 77 (7th Cir. 1994) (stating that advice of Clerk's office employee does not excuse obligation to do

4

basic research). Although the Court of Appeals for the Seventh Circuit once said (and occasionally repeats) that misrepresentations by "judicial officers" may constitute excusable neglect, Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996), this court has no reason to suspect that the court intended to include court staff within the ambit of this phrase, but rather it intended to limit it to official statements from Article III judges, magistrate judges, or bankruptcy judges, cf. Sonicraft, Inc. v. NLRB, 814 F.2d 385, 387 (7th Cir. 1987). In this case, the plaintiff would have easily identified the deadline for filing a notice of appeal by reviewing the Federal Rules of Appellate Procedure. Rule 4(a)(1) is unambiguous, even to a person unskilled in the law.

Moreover, as noted above, while worthy of some consideration, the plaintiff's pro se status does not, by itself, excuse his obligation to play by the rules and abide by deadlines. Considering this factor alongside all others does not alter the outcome because the court cannot ignore the fact that the plaintiff in an experienced pro se litigator who ably represented himself throughout this case. Notably, the plaintiff is specifically experienced when it comes to appealing decisions of United States District Courts. As alluded to above, in addition to this case, the plaintiff has filed three cases in the Western District of Wisconsin. See W.D. Wis. Cases 11-cv-00202-slc, Sanders v. Pugh (filed March 18, 2011 and remains pending); 11-cv-00206-slc, Sanders v. Lundmark (filed March 21, 2011 and remains pending); 11-cv-00311-bbc Sanders v. LaCost (filed April 27, 2011 and dismissed May 26, 2011). In two of these Western District of Wisconsin cases the plaintiff attempted to appeal. See 11-cv-00206-slc, Docket No. 10 (interlocutory appeal) (dismissed for lack of jurisdiction, Docket No. 26); 11-cv-00311-bbc, Docket No. 7 (appeal of final judgment) (dismissed for failure to pay docketing fee, Docket No. 14). In addition to these two cases from the Western District, the plaintiff twice attempted to appeal an earlier decision of this court. (Docket Nos. 6, 12.) The latter was voluntarily terminated, (Docket No. 26), and the former was dismissed by the court of appeals for lack of jurisdiction, (Docket No. 36). In every one of these four prior

5

appeals, including the appeal following a final judgment of the district court, (W.D. Wis. Case No. 11-cv-00311-bbc), the plaintiff filed his notice of appeal promptly after the district court action he sought to challenge. The plaintiff's actions in other cases demonstrate that he was well-aware that an appeal requires prompt action.

While there is no indication that the defendant would be prejudiced by allowing this appeal to proceed, the absence of harm does not mean that a delay is excusable. McCarty v. Astrue, 528 F.3d 541, 545 (7th Cir. 2008).

> To be sure, in most cases where application for an extension of time is made within the second 30-day period provided in FRAP 4(a)(5), the court's sympathy will lie with the applicant: the hardship of being denied an appeal is great, while the hardship to the prospective appellee is usually small. But a loose interpretation of "excusable neglect" would convert the 30-day period for appeal provided in FRAP 4(a) into a 60-day one -- a result clearly not intended by the Rule's framers.

Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 911 (7th Cir. 1989) (quoting In re O.P.M. Leasing Services, Inc., 769 F.2d 911, 917 (2d Cir. 1985) (internal ellipses omitted)); see also McCarty, 528 F.3d at 545 (noting that such an approach would effectively read "excusable" out of Fed. R. App. P. 4(a)(5)).

Similarly, while the length of the delay, 22 days, was arguably moderate, Rule 4(a)(5)'s limited application to delays of not more than 30 days make it irrelevant in instances where the delay was extraordinary. Nonetheless, the 22 day delay is towards the outer limit of the Rule and thus unlike a delay of a day or two, weighs against a finding of excusable neglect.

Having considered all relevant circumstances, including the plaintiff's pro se status, the court concludes that the plaintiff's failure to file a timely notice of appeal was not the product of excusable neglect. Accordingly, the court shall deny the plaintiff's request for an extension of time.

As for the plaintiff's request for leave to proceed in forma pauperis on appeal, this request is moot and shall be denied as such. The court previously granted the plaintiff leave to proceed in forma pauperis. (Docket No. 5.) The court has not certified in writing that the appeal is not taken in

good faith, see 28 U.S.C. § 1915(a)(3), and therefore, to the extent that there shall be any appeal in light of the fact the court shall deny the plaintiff's motion for an extension of time to file a notice of appeal, no further motion is necessary to proceed in forma pauperis on appeal. Fed. R. App. P. 24(a)(3).

Finally, the defendant has moved to dismiss the plaintiff's appeal. In the absence of a timely notice of appeal, the court of appeals lacks jurisdiction to hear an appeal. Sherman, 668 F.3d at 427. Thus, because no notice of appeal was filed within the 30 days allotted and the court shall not extend the deadline for filing a notice of appeal, from this court's perspective, there shall be no appeal. Accordingly, the defendant's motion to dismiss the plaintiff's appeal is moot and shall be denied as such.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for an extension of time, (Docket No. 81), is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's petition for waiver of fees and motion to appeal in forma pauperis, (Docket No. 82), is **denied as moot**.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss the plaintiff's appeal, (Docket No. 86), is **denied as moot**.

Dated at Milwaukee, Wisconsin this 15th day of June, 2012.

AARON E. GOODSTEIN
U.S. Magistrate Judge